FRED CASILLAS, *Appellee,* v. THE ALTOONA PORTLAND CEMENT COMPANY, *Appellant.*

No. 18,081.

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Recovery under "Factory Act" or Common Law—Trial as to Factory Act Only—No Error.* Although the petition and evidence in a personal-injury case might justify a recovery under the common law, the defendant can not be prejudiced by a refusal to instruct upon assumed risk and contributory negligence, where the jury are told that the plaintiff can recover only under the factory act.

Appeal from Wilson district court. Opinion filed April 12, 1913. Modified.

*E. D. Mikesell,* of Fredonia, *A. M. Keene,* and *E. C. Gates,* both of Fort Scott, for the appellant.

*James M. Kennedy,* and *J. T. Cooper,* both of Fredonia, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Altoona Portland Cement Company appeals from a judgment rendered against it in favor of Fred Casillas on account of injuries received by him while in its employ.

The plaintiff founded his claim upon allegations that the defendant had violated the "factory act" by failing to safeguard its machinery. The defendant interpreted the petition as also charging such negligence as to render it liable under the common law, and asked the court to instruct that as to this feature of the case the defenses of assumed risk and contributory negligence were open. This instruction was refused and the ruling is complained of. The court had previously overruled a motion to require the plaintiff to elect whether he would proceed under the factory act or the general law, stating the ground of its decision to be that the petition authorized a recovery only under the former. Inasmuch as the case was tried throughout on the theory that no recovery could be had except under the factory act, no prejudice could have resulted to the defendant from the refusal to instruct on any other theory, even although the petition and evidence might have justified submitting to the jury the question whether a liability existed independent of the statute.

Complaint is made of the admission, as evidence of the value of medical services, of bills rendered to the plaintiff by the physicians, but they were made competent by testimony that the charges were fair and reasonable.

It is urged that the evidence of the value of the time lost by the plaintiff was insufficient because he testified

that he had been receiving $2.50, without indicating whether this was his daily or weekly wage. The circumstances justified the jury in understanding the former to be meant.

The judgment is affirmed.